IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case Number: _____

Lea Singh,

    Plaintiff,

vs.

MEDNAX Services, Inc., and
American Anesthesiology, Inc.,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES AND OTHER RELIEF**

Plaintiff, Lea Singh ("plaintiff" or "Singh"), sues defendants, MEDNAX Services, Inc. ("MEDNAX"), and American Anesthesiology, Inc. ("AAI"), and alleges:

### **Introduction**

1. This is an unequal pay action arising under and brought pursuant to the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). Plaintiff sues for all available legal and equitable relief, including, but not limited to, back wages, liquidated damages, injunctive relief, and reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

2. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2), where plaintiff was based, because a substantial part of the events giving rise to the claim occurred here.

## Parties

4. Plaintiff is a natural person who, at the time of the filing of this complaint and since May 5, 2014, was employed by defendants as a director of operations.

5. MEDNAX Services, Inc. ("MEDNAX") is a Florida corporation with principal place of business in Sunrise, Florida. During the period covered by this action, it set policies that governed plaintiff's employment and issued statements of earnings to pay wages to her.

6. American Anesthesiology, Inc. ("AAI"), a division of MEDNAX, is a Florida corporation with principal place of business in Broward County, Florida, as a division of MEDNAX. During a portion of the period covered by this action, it set policies that governed plaintiff's employment and directed her work.

7. MEDNAX and AAI constitute an "enterprise" and exist for a common business purpose, that includes related activities, e.g., medical

services, including neonatology, maternal-fetal medicine, pediatric cardiology, pediatric intensive care, newborn hearing screening, pediatric surgery, pediatric emergency medicine, anesthesiology, critical care medicine, and pain management.   Also, defendants have unified operations and common control.  The defendants, therefore, are jointly and severally:

    a.    an "employer" as defined by § 3(d) of the Act [29 U.S.C. § 203(d)]; and

    b.    an enterprise under and an enterprise engaged in commerce within the meaning of the FLSA § 3(s)(1) of the Act [29 U.S.C. § 203(s)(1)].

## Conditions Precedent

8.    All conditions precedent to the bringing of this action have occurred, been performed or been waived.

## General Allegations

9.    During the period from September 14, 2017 until the present time, defendants had employees subject to the provisions of Section 6 of the Fair Labor Standards Act, 29 U.S.C. § 206, in its American Anesthesiology, Inc. division in which defendants employed plaintiff.

10.    At all material times from and after September 14, 2017, plaintiff held the title, "Director of Operations," a Grade 5B position for which she was qualified, in the American Anesthesiology, Inc. division. Her responsibilities included managing territories assigned to her.

11. At all material times, the defendants employed other directors of operations, including three males in the East Division in which plaintiff worked: Brad Clark, Bryan Davis and Garth Lawson, who managed territories assigned to them.

12. Prior to the defendants' restructuring in 2015/2016, plaintiff, Clark and Davis were part of the North Team, reporting to Harris Thompson, President, North Division of Anesthesiology.

13. During the up to three-year period immediately preceding the filing of this action, defendants paid plaintiff at rates less than defendants paid employees of the male sex in the position of Director of Operations, including particularly, Brad Clark, Bryan Davis, Nick Schmidt, and Garth Lawson (who was hired after the restructuring), although the job performed by plaintiff required equal skill, effort, and responsibility and was performed under similar working conditions as that performed by Brad Clark, Bryan Davis and Garth Lawson.

14. The difference in the rates paid to plaintiff, as compared with those paid to employees of the male sex, including Brad Clark, Bryan Davis, Nick Schmidt, and Garth Lawson, was not a part of, and was not occasioned by, any shift differential, training program, or any seniority, merit, or piecework system, but was based solely on the factor of sex.

15. As the result of defendants' conduct as more particularly described in paragraphs 13 and 14 above, plaintiff has lost wages and has

incurred attorneys' fees and costs in connection with the bringing of this action.

16.   The actions of defendants violated plaintiff's rights under 29 U.S.C. § 206(d), giving rise to her right to bring this action pursuant to 20 U.S.C. § 216(b).

17.   Defendants' violation of plaintiff's rights under 29 U.S.C. § 206(d) were willful, thereby entitling plaintiff to a three-year statute of limitations and an award of liquidated damages. Particularly, defendants were well aware of the law and the prohibition against covered employers discriminating on the basis of sex in wage rates for male and female employees doing jobs that require equal skill, effort and responsibility. Defendant also was aware that plaintiff, Brad Clark, Bryan Davis and Garth Lawson, held the same position (director of operations), performed the same job functions, reported to the same boss (Harris Thompson, and then his replacement Dick Poole), but plaintiff was paid at rates less than defendants paid employees of the male sex.

18.   Plaintiff, if she prevails, is entitled to be awarded in addition to a judgment, a reasonable attorneys' fee, and the costs of the action.

### Prayer for Relief

WHEREFORE, plaintiff, Lea Singh, prays that this court will grant judgment:

a.   permanently enjoining defendants MEDNAX Services, Inc., and American Anesthesiology, Inc., their officers, agents, servants, employees

and all other persons in active concert or participation with them from violating the provisions of 29 U.S.C. § 206(d)(1);

      b.    restraining the withholding of payment of compensation found by the court to be due plaintiff under the Act and awarding her a judgment for wages lost for a period of up to three years prior to the commencement of this action in accordance with 29 U.S.C. § 217;

      c.    awarding an additional equal amount as liquidated damages in accordance with 29 U.S.C. § 216(b);

      d.    awarding plaintiff her costs, including a reasonable attorney's fee, pursuant to 29 U.S.C. § 216 (b); and

      e.    granting such other and further relief as is just.

## Jury Demand

Plaintiff, Lea Singh, demands trial by jury on all issues so triable.

Respectfully Submitted,

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
(954) 462-1983

By:   */s/ Jennifer Daley*
KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
WILLIAM R. AMLONG
Florida Bar Number 470228
WRAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com

***Attorneys for the Plaintiff,
Lea Singh***

\\amlong3\cpshare\CPWin\HISTORY\170728_0001\1598.33.01