UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 17-61792-CIV-MARTINEZ-SNOW

LEA SINGH,

    Plaintiff,

vs.

MEDNAX SERVICES, INC., and
AMERICAN ANESTHESIOLOGY, INC.,

    Defendants.

## MOTION FOR ENTRY OF RULE 502(D) ORDER

Defendants MEDNAX SERVICES, INC. and AMERICAN ANESTHESIOLOGY, INC., (cumulatively, "Defendants") by and through their undersigned counsel, hereby move pursuant to Federal Rule of Evidence 502(d) for entry of the attached proposed Rule 502(d) Order regarding the production of privileged or work-product protected documents. In support of this Motion, the Defendants state the following:

The claims alleged in this matter concern employment related disputes between Plaintiff, Lea Singh, and Defendants. The Defendants anticipate exchanging extensive information during discovery, and will exchange information that will likely be related to a charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission, furthermore, some exchanged information may relate to decisions regarding other employees who have worked, or currently work for Defendants.

Some of relevant documents will involve attorney-client communications and/or attorney work product with either outside or in-house counsel. The Defendants will be diligent

1

in preserving the privileges, however in an abundance of caution, the Defendants request the Court enter an order to ensure the privileges are not waived by disclosure.

The Defendants have prepared a proposed Rule 502(d) Order attached as Exhibit "A." By means of the Rule 502(d) Order, the Defendants are seeking to obtain a ruling that will enable all parties to freely exchange information in this litigation without the risk of a prejudicial effect arising from the disclosure of privileged or work-product protected documents.

The Defendants assert that the attached proposed Rule 502(d) Order will protect the confidentially and privileged nature of the sensitive information addressed above and believe that its entry will promote "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## **MEMORANDUM OF LAW**

Rule 502(d) was enacted in 2008 due to the increasing challenges and costs of privilege review and retention during the discovery phase of litigation, the issue of cost was especially amplified in cases involving e-discovery. *See* Fed. R. Evid. 502(d) advisory committee's notes. The Rule states: "A federal court may order that the [attorney-client] privilege or [work product] protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." *Id.*

When invoked by order of the court, Rule 502(d) allows parties to freely exchange documents without risk of waiver and the related, protracted motion practice, delays of trial, and excessive costs to litigate whether a disclosure of privileged material effected a waiver under Rule 502(b). Absent such an order, if a party unintentionally reveals material protected by attorney-client privilege or the work product doctrine then the Court must evaluate the

circumstances of the disclosure under the three-part test of Rule 502(b) and determine whether the recipient party may use the revealed information.  Depending on the importance of the information revealed, the parties and the Court's resources may become occupied by a privilege issue rather than the merits of the case.  Rule 502(d) creates a tool to avoid instances where discovery disputes wag the dog and obscure the central issues in a suit and drive up costs. Fed. R. Evid. 502(d) advisory committee's notes ("The rule provides a party with a predictable protection from a court order—predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention.").

Now that the Rule has been in place for almost a decade, Rule 502(d) orders are nearly standard practice.  Orders under Rule 502(d) are such an effective tool for protecting a client's interests that Magistrate Judge Andrew Peck of the Southern District of New York has opined that it is malpractice to proceed in discovery without seeking entry of a Rule 502(d) order as it operates as an insurance policy against disclosure. *See View from the Bench: Judges on E-Discovery at LegalTech Day Two,* Law Technology News, Evan Koblentz (Jan. 31, 2013).

In this case the Defendants are part of a large organization that employs multiple attorneys and regularly seeks outside counsel.  Defendants anticipate that this case will involve material that is protected by attorney client privilege or the work product doctrine due to involvement of either outside or in-house counsel.  As is typically the case, some protected documents may not be flagged or marked as privileged or protected from disclosure—thus, review of the documents contemplated in discovery would be costly and time consuming.  In order to create predictability in the discovery process, reduce the cost of litigation, and avoid possible disputes that would not be central to the merits of the case, Defendants request the Court

enter an order under Rule 502(d) imposing the maximum protections against waiver for all parties involved.

WHEREFORE, the Defendants respectfully request that the Court enter the proposed Rule 502(d) Order attached as Exhibit "A".

## LOCAL RULE 7.1 CONFERRAL CERTIFICATION

The Defendants' counsel conferred with counsel for Plaintiff on Wednesday, November 29, 2017 and Thursday, November 30, 2017 regarding the relief sought herein, however, no agreement as to the proposed Order could be reached. Thus, the movants have conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and have been unable to do so.

DATED this 7th day of December, 2017.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Post Office Box 3389
        Orlando, Florida 32802-3389
        Telephone:   (407) 246-8440
        Facsimile:    (407) 246-8441

        By:    */s/ Donald C. Works, III*
                Donald C. Works, III
                Florida Bar No. 340308
                worksd@jacksonlewis.com

                Jesse I. Unruh
                Florida Bar No. 0093121

        Attorneys for Defendants MEDNAX
        SERVICES, INC. and AMERICAN
        ANESTHESIOLOGY, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of December, 2017, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record on the Service List below.

*/s/ Donald C. Works, III*
Donald C. Works, III

**SERVICE LIST**

Karen Coolman Amlong
Florida Bar No. 275565
Email: KAmlong@TheAmlongFirm.com
William R. Amlong
Florida Bar No. 470228
Email: WRAmlong@TheAmlongFirm.com
Jennifer Daley
Florida Bar No. 856436
Email: JDaley@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Attorneys for Plaintiff

4815-0740-9239, v. 1