UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:17-cv-61792

LEA SINGH,

    Plaintiff,

v.

MEDNAX SERVICES, INC., and
AMERICAN ANESTHESIOLOGY, INC.,

    Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, MEDNAX SERVICES, INC. and AMERICAN ANESTHESIOLOGY, INC., ("Defendants"), through their undersigned counsel and pursuant to Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, answer those paragraphs comprising Count I of the Amended Complaint for Damages and Other Relief filed by Plaintiff, LEA SINGH ("Plaintiff")[1], and assert defenses as follows:

---

[1] Defendants refer to the pending Motion to Compel Arbitration and to Stay, (Doc. 29) which is specifically directed at Counts II through XI of Plaintiff's Amended Complaint, and do not respond to those paragraphs of the Amended Complaint comprising those Counts. Further, to the extent Defendants respond to paragraphs of the Amended Complaint that are incorporated by reference in Counts I as well as other Counts in the Amended Complaint, their responses are limited to the extent they are intended to answer only Count I. Defendants are responding in this manner so as to not participate in litigation relating to Counts II through XI and to preserve their rights to compel arbitration as to those Counts.

## Introduction

1. Defendants admit that Plaintiff brought this lawsuit under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"); however, Defendants deny Plaintiff is entitled to any relief requested and deny all other allegations in paragraph 1 of the Amended Complaint to the extent they relate to Count I.

## Jurisdiction and Venue

2. Defendants admit the Court has subject matter jurisdiction over Plaintiff's EPA claim, but deny Plaintiff is entitled to any of the requested relief as to that claim.

3. Defendants admit that venue as to Plaintiff's EPA claim properly lies with this Court, but deny Plaintiff is entitled to any of the requested relief as to that claim.

## Parties

4.a. Defendants admit Plaintiff is female and a natural person who American Anesthesiology, Inc. employed as a Director of Operations beginning on or around May 5, 2014, and that MEDNAX Services, Inc. employed her in that role subsequent to January 1, 2016. Defendants deny any remaining allegations in paragraph 4.a. that are incorporated in Count I of the Amended Complaint.

4.b.-4.e. These paragraphs are not incorporated in Count I of the Amended Complaint and relate to Counts II through XI therein. Accordingly, Defendants are not responding to these paragraphs so as to not participate in litigation relating thereto and to preserve their rights to compel arbitration.

5. Defendants admit MEDNAX Services, Inc. is a Florida corporation with its principal place of business in Sunrise, Florida. Defendants further admit that, subsequent to January 1, 2016, it set policies that governed Plaintiff's employment and issued statements of

earnings to pay wages to her. Defendants deny the remaining allegations in paragraph 5 of the Amended Complaint.

6. Defendants admit American Anesthesiology, Inc. is a Florida corporation with its principal place of business in Sunrise, Florida. Defendants admit that, prior to January 1, 2016, American Anesthesiology, Inc. set policies that governed Plaintiff's employment and directed her work. Defendants deny the remaining allegations in paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations in paragraph 7 of the Amended Complaint.

**Conditions Precedent**

8-11. These paragraphs are not incorporated in Count I of the Amended Complaint and relate to Counts II through XI therein. Accordingly, Defendants are not responding to these paragraphs so as to not participate in litigation relating thereto and to preserve their rights to compel arbitration.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 12 of the Amended Complaint and, therefore, deny them.

**General Allegations**

13. Defendants admit that in May of 2014 Plaintiff was hired under a written contract with American Anesthesiology, Inc. as a Director of Operations. Defendants deny the remaining allegations in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint.

15. Defendants admit Brad Clark, Bryan Davis and Garth Lawson were employed by American Anesthesiology, Inc. or MEDNAX Services, Inc. in the East Division and managed territories assigned to them during their employment. Defendants deny the remaining allegations in paragraph 15 of the Amended Complaint.

16. Defendants admit that, prior to May 2015, Plaintiff, Brad Clark and Bryan Davis were part of the North Team of American Anesthesiology, Inc., reporting to Harris Thompson, President, North Division. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Amended Complaint and, therefore, deny them.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Amended Complaint and, therefore, deny them.

22. Defendants deny the allegations in paragraph 22 of the Amended Complaint.

23. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Amended Complaint and, therefore, deny them.

24 – 41. These paragraphs are not incorporated in Count I of the Amended Complaint and relate to Counts II through XI therein. Accordingly, Defendants are not responding to these paragraphs so as to not participate in litigation relating thereto and to preserve their rights to compel arbitration.

42.a. Defendants deny the allegations in paragraph 42.a. of the Amended Complaint.

42.b.-e. These paragraphs are not incorporated in Count I of the Amended Complaint and relate to Counts II through XI therein. Accordingly, Defendants are not responding to these paragraphs so as to not participate in litigation relating thereto and to preserve their rights to compel arbitration.

43. Defendants deny any violation of Plaintiff's rights and, therefore, deny the allegations in paragraph 43 of the Amended Complaint to the extent they relate to Count I of Plaintiff's Amended Complaint.

### Count I: Sex Discrimination under the EPA

44. Defendants re-allege and incorporate their responses to paragraphs 1-3, 4(a), 5-7, 12-23, 42(a) and 43 as if fully set forth herein.

45. Defendants deny the allegations in paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50. Defendants admit attorney's fees and costs are awardable in EPA claims, but deny Plaintiff is entitled to such an award as alleged in paragraph 50 of the Amended Complaint.

Defendants deny Plaintiff is entitled to any of the relief prayed for in paragraphs a. - e. of the Prayer for Relief following paragraph 50 of the Amended Complaint.

### Count II: Title VII Sex Discrimination

As to paragraphs 51 through 57, including the WHEREFORE paragraph following paragraph 57, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count III: Title VII Race Discrimination

As to paragraphs 58 through 63, including the WHEREFORE paragraph following paragraph 63, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count IV: Title VII National Origin Discrimination

As to paragraphs 64 through 69, including the WHEREFORE paragraph following paragraph 69, of the Amended Complaint, Defendants refer to the pending Motion to

Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count V: Title VII Color Discrimination

As to paragraphs 70 through 75, including the WHEREFORE paragraph following paragraph 75, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count VI: Title VII Retaliation

As to paragraphs 76 through 84, including the WHEREFORE paragraph following paragraph 84, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count VII: FCRA Sex Discrimination

As to paragraphs 85 through 91, including the WHEREFORE paragraph following paragraph 91, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count VIII: FCRA Race Discrimination

As to paragraphs 92 through 97, including the WHEREFORE paragraph following paragraph 97, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count IX: FCRA National Origin Discrimination

As to paragraphs 98 through 103, including the WHEREFORE paragraph following paragraph 103, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count X: FCRA Color Discrimination

As to paragraphs 104 through 109, including the WHEREFORE paragraph following paragraph 109, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

### Count XI: FCRA Retaliation

As to paragraphs 110 through 113, including the WHEREFORE paragraph following paragraph 113, of the Amended Complaint, Defendants refer to the pending Motion to Compel Arbitration and to Stay, which is specifically directed at this Count, and do not respond

to the allegations herein so as to not participate in litigation and to preserve their rights to compel arbitration.

## Jury Demand

Defendants deny that Plaintiff is entitled to a jury trial as to the claims asserted in Count I.

## General Denial

To the extent not expressly admitted herein, the allegations in the Amended Complaint are denied to the extent they relate to Count I therein.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO COUNT I

Defendants assert the following defenses to Count I of Plaintiff's Amended Complaint, without prejudice to their right to argue that Plaintiff bears the burden of proof regarding some or all of these defenses.  Further, Defendants assert these Defenses and Affirmative Defenses as to Count I only, and do not assert defenses as to Counts II through XI so as to not participate in litigation and to preserve their rights to compel arbitration as to Counts II through XI.

## FIRST DEFENSE: Statute of Limitations

Pursuant to 29 U.S.C. § 255(a) the statute of limitations for claims arising under the EPA is two years, unless a violation is willful, in which case the applicable limitation is three years. *See Cazeau v. Wells Fargo Bank, N.A.*, 614 F. App'x 972, 981 (11th Cir. 2015). Accordingly, any damages Plaintiff is seeking prior to September 14, 2015 are time-barred unless Plaintiff proves a willful violation of the EPA, in which case any damages prior to September 14, 2014 are time-barred.

**SECOND DEFENSE: Factor Other Than Sex - Experience**

To the extent that there was a disparity in Plaintiff's pay, it was based on a factor other than sex. The Eleventh Circuit has observed that experience, among other factors is a legally sufficient factor to avoid liability. *See, Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1571 (11th Cir. 1988) (" '[F]actor other than sex' exception applies when the disparity results . . . from an individual's experience. . . ."). In this case, any disparity between Plaintiff's pay and that of male Directors of Operations was based on the experience of those personnel.

**THIRD DEFENSE: No Willful Violation**

To establish that a violation of the EPA was willful, Plaintiff bears the burden of showing that the employer either knew its conduct was prohibited by the EPA or the employer showed reckless disregard about whether it was. *See, Mallini v. Ala. Dep't of Indus. Rels.*, No. 10-0130-CG-C, 2011 U.S. Dist. LEXIS 54547, at *24 (S.D. Ala. May 18, 2011) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008)). In this case, differences in pay for various personnel at Plaintiff's level were based on experience. Accordingly, Defendants' decisions were not based on Plaintiff's sex and Defendants did not know, nor did they have reason to know, that their conduct was proscribed by the EPA, nor did they show reckless disregard about whether it was.

**FOURTH DEFENSE: No Equitable Relief Available**

In Plaintiff's Prayer for Relief she seeks a permanent injunction, "enjoining [Defendants and related persons] from violating the provisions of 29 U.S.C. § 206(d)(1)." For Plaintiff to be entitled to this relief, she must show that she would be irreparably harmed. *See Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir. 1982). However, Plaintiff no longer works for Defendants, accordingly, she cannot establish she would be irreparably harmed if the Court

were not to issue the injunction for which she has prayed.

## RESERVATION OF DEFENSES

Because Plaintiff's Amended Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to Count I in this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

Wherefore, Defendants, MEDNAX SERVICES, INC. and AMERICAN ANESTHESIOLOGY, INC., respectfully pray that this Court will: (i) enter judgment in their favor and against Plaintiff as to Count I of Plaintiff's Amended Complaint, (ii) award Defendants their costs of suit herein, (iii) award Defendants reasonable attorneys' fees as may be determined by the Court, and (iv) grant such other and further relief as the Court may deem just and proper.

DATED this 27th day of April, 2018.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Post Office Box 3389
        Orlando, Florida 32802-3389
        Telephone:   (407) 246-8440
        Facsimile:   (407) 246-8441

        By:   */s/ Donald C. Works, III*
            Donald C. Works, III
            Florida Bar No. 340308
            worksd@jacksonlewis.com

            Jesse I. Unruh
            Florida Bar No. 0093121

        Attorneys for Defendants
        MEDNAX SERVICES, INC. and
        AMERICAN ANESTHESIOLOGY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2018 the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record on the Service List below.

*/s/ Donald C. Works, III*
Donald C. Works, III

## SERVICE LIST

Karen Coolman Amlong
Florida Bar No. 275565
Email: KAmlong@TheAmlongFirm.com
William R. Amlong
Florida Bar No. 470228
Email: WRAmlong@TheAmlongFirm.com
Jennifer Daley
Florida Bar No. 856436
Email: JDaley@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Attorneys for Plaintiff

4849-5794-2110, v. 1