RECEIVED

DEC 1 8 2017

BY:_____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO.: 17-61792-CIV-MARTINEZ-SNOW

| | |
|---|---|
| LEA SINGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MEDNAX SERVICES, INC., and | ) |
| AMERICAN ANESTHESIOLOGY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT, MEDNAX SERVICES, INC. AND AMERICAN ANESTHESIOLOGY, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, LEA SINGH

Defendants, MEDNAX SERVICES, INC. and AMERICAN ANESTHESIOLOGY, INC., through their undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, request that Plaintiff, LEA SINGH ("Plaintiff" or "Singh"), answer the following interrogatories within thirty (30) days from the date of service:

### DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated, or otherwise required by the context in which the terms, names, and instructions are used, the following shall apply for the purposes of this discovery request only:

1.      In answering these Interrogatories, please furnish all information which is available to Plaintiff, including information in the possession of Plaintiff's current or former attorneys or investigators, and not merely such information known of Plaintiff's own personal knowledge. If Plaintiff cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying

# ATTACHMENT 4

Plaintiff's inability to answer the remainder, the reasons for Plaintiff's inability to fully respond, and provide whatever information or knowledge Plaintiff has concerning the unanswered portions.

2.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed) and each and every fact or basis on which Plaintiff claims privilege with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

3.      In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff's written responses to these Interrogatories must be made under oath and returned to Defendant's counsel within thirty (30) days after service.

4.      The terms **"document"** or **"documents"** shall mean the original and all copies and annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded materials, including the following: correspondence and drafts of correspondence; notes or summaries of conversations; income tax returns; sales vouchers or records, forms, schedules or worksheets; inter- and intra-office memoranda; reports, comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures; circulars; bulletins; advertisements; notes, records, summaries, or other reports of conferences, meetings, visits, surveys, discussions, inspections, examinations, review or telephone conversations; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals;

2

executed or proposed agreements, contracts, franchise agreements; licenses; leases; insurance policies and riders, or options; proposals; diaries; desk calendars, appointment books, or telephone call books; affidavits, deposition transcripts, and statements, or summaries or excerpts thereof; stenographic notes; books and records, including but not limited to journals, ledgers, balance sheets, profit and loss statements and notes and memoranda concerning them; financial data; newspaper or magazine articles; pamphlets, books, texts, notebooks, magazines, manuals, journals, and publications; notepads, tabulations, data compilations, calculations, or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; graphic, photographic or recorded materials, including the following:  correspondence and drafts of correspondence; notes or summaries of conversation; orders; pleadings and court filings; checks and check stubs (front and back); records or transcripts of statements, depositions, conversations, meetings, discussions, conferences or interviews, whether in person or by telephone or by other means; work papers; printouts or other stored information from computers or other information retention or processing systems; photographic matter or sound reproduction matter however produced, reproduced or stored; any other written, printed, typed, taped, recorded, or graphic matters; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; and any copies or duplicates of the foregoing which are different because of marginal or handwritten notations, or because of any markings thereon.

     5.   **"Copy"** when used in reference to a document means any color or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means or process.

6. **"Communication"** and **"communicate"** shall mean any recording, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and **"documents"** (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

7. As used herein, the terms **"relate to,"** **"relating to,"** **"concerning,"** **"pertaining to,"** or **"reflecting,"** shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

8. **"Person"** or **"persons"** shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

9. **"You," "your," "Singh,"** or **"Plaintiff"** shall mean Plaintiff, Lea Singh.

10. **"Defendants"** shall mean Defendants **Mednax Services, Inc. and American Anesthesiology, Inc.**

11. **"Date"** shall mean the exact day, month and year, if ascertainable or, if not, the best approximation, including relationship to other events.

12. **"Complaint"** means the Complaint filed in the above-captioned matter, and any amendments thereto.

13. **"Identify"** when used in reference to:

4

a.      an individual, shall mean to state his or her full name and present or last known address (including zip code), telephone number and present or last known position or business affiliation (designating which), and the job description;

b.      a firm, partnership, corporation, proprietorship, or association , shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

c.      a document, shall mean to identify the author of the document, the date the document was prepared, the person(s) to whom the document was issued, distributed or otherwise communicated or provided, and the present location and custodian of the document.

14.     As used in these Interrogatories, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

15.     To the extent any information called for by these Interrogatories is unknown to you, please so state, and set forth such remaining information as is known.  If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

16.     To the extent that you consider any of the following Interrogatories objectionable, respond to so much of each Interrogatory and part thereof, as is not objectionable

in your view and separately state that part of each Interrogatory as to which you raise objection and each ground for such objection.

17.   These Interrogatories are continuing in nature and, should any answer change subsequent to serving your interrogatory answers, you shall supplement those answers in a timely fashion.

18.   Please reproduce each question and then set forth the answer to each interrogatory separately underneath each question.   When interrogatories contain separately numbered or lettered paragraphs, each separately numbered or lettered paragraph should be treated separately and a separate response should be furnished within the same answer.

19.   Should it be more convenient to produce copies of relevant documents instead of identifying and stating the contents of those documents when that is requested, you may produce true and correct copies of any such documents, including drafts of other variation therefrom, in lieu of supplying the identification requested above, arranged and labeled separately for each answer to which they relate.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify (including their title) any and all persons who have provided you with information or assistance in answering these Interrogatories.

### RESPONSE:

## INTERROGATORY NO. 2

Give your full name and all former names by which you were known, your age, date and place of birth, social security number, and all addresses where you have lived for the past 10 years under any name, with the dates you lived at each address.

## RESPONSE:

## INTERROGATORY NO. 3

Identify any current spouse, if applicable, all former spouses, the date and place of each marriage, date and place of each divorce, along with the state, county, and case number of any divorce, separation, or related proceedings, the names of all children, and the names of any family members with whom you have resided or in or on whose property you have resided in the last ten years.

## RESPONSE:

## INTERROGATORY NO. 4

Identify each person whom you believe or have reason to believe has any information or knowledge regarding the allegations in the Complaint, whether such information or knowledge is favorable or adverse to your claims. For each person, state with particularity: (a) the substance of his or her knowledge or believed knowledge; (b) all documents relating to, or evidencing, his or her knowledge; and (c) his or her relationship to you.

## RESPONSE:

## INTERROGATORY NO. 5

Identify any communications you have had with any individuals (other than your attorney) regarding the allegations in your Complaint and identify the date and subject matter of each such communication.

## RESPONSE:

## INTERROGATORY NO. 6

Set forth in detail your employment history (including any self employment) for the past ten years through the present, including: (a)  the identity of each employer for whom you work(ed); (b) the dates for which you work(ed) for each employer; (c) the position you held; (d) the duties required of you in that position; (e) your immediate supervisor's name(s); (f) reason for termination or conclusion of any such employment;  and (g) the compensation (including rate of pay, commissions, bonuses, and benefits) you receive(d) or earn(ed) from each employer.

## RESPONSE:

**INTEROGATORY NO. 7**

Please list your educational background, providing the name and address for each school, college, university, or other institution of learning or training which you have attended, listing the dates of attendance, grades or levels completed, and degrees or certificates received.

**RESPONSE:**

## INTERROGATORY NO. 8

State with particularity each category of damages you are seeking to recover in this action and, for each such category, including attorney's fees to-date, state: (a) the monetary amount of such damages; (b) the factual basis for such damages; (c) how the amount of such damages was calculated; and (d) the identity of any documents that support said damages claim.

## RESPONSE:

## INTERRROGATORY NO. 9

State whether you have obtained statements, reports, memoranda or recordings from any person which in any way concerns the facts of this case or the matters alleged in your Complaint.  If your answer is in the affirmative, separately identify the author of each such statement, report, memorandum or recording; the person or persons to whom the statement, report, memorandum or recording was issued, distributed or otherwise provided; the present location and custodian of each such statement, report, memorandum or recording; and state the date each such statement, report, memorandum or recording was prepared.

## RESPONSE:

## INTERROGATORY NO. 10

Identify (including the date, case name, file number, court or other location, and disposition) all legal proceedings including civil, administrative, bankruptcy, and criminal proceedings, lawsuits, and claims for damages in which you have been involved.

## RESPONSE:

## INTERROGATORY NO. 11

Aside from the case at issue, please identify any and all other matters, charges, lawsuits, internal investigations, claims, or allegations regarding discrimination, harassment, and/or retaliation against any employer or former employer in which you have been involved at any time in the last ten (10) years, providing for each instance, the name of the employer, the type of charges made, the date of each claim, the state, county, court name, and case number of any litigation, if applicable, along with the disposition of same.

## RESPONSE:

**INTERROGATORY NO. 12**

State with particularity the basis for your assertion that you performed your job with equal skill, effort, and responsibility under similar working conditions as the job performed by male Directors of Operations including, but not limited to, Brad Clark, Bryon Davis, Nick Schmidt, and Garth Lawson.

**RESPONSE:**

**INTERROGATORY NO. 13**

Identify each person who may be used at trial to present expert evidence as an expert witness under the Federal Rules of Evidence.  With respect to each expert identified, describe with particularity, their field of expertise, academic credentials, professional credentials, other cases in which the expert has provided expert testimony either in deposition or at trial within the past three (3) years (including the case name, court, and case number), and the subject matter in which each expert intends to testify.  In addition, please state whether each such expert has prepared a written report.

**RESPONSE:**

## INTERROGATORY NO. 14

Identify separately all documents to which you referred, reviewed or relied upon in answering or that in any way assisted you in answering, any of these Interrogatories, and state which document was used for which interrogatory response.

## RESPONSE:

## <u>VERIFICATION</u>

I have reviewed the above Answers to Interrogatories, and verify under oath that they are true and correct to the best of my knowledge.

_____
LEA SINGH

STATE OF FLORIDA        )
                               )SS.
COUNTY OF _____   )

SWORN TO AND SUBSCRIBED before me this ___ day of _____, 2018, by LEA SINGH, who is personally known to me or has produced _____ as identification.

_____
Notary Public

DATED this 7th day of December, 2017.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:    (407) 246-8440
Facsimile:    (407) 246-8441

By:  _____

Donald C. Works, III
Florida Bar No. 340308
worksd@jacksonlewis.com

Jesse I. Unruh
Florida Bar No. 0093121
jesse.unruh@jacksonlewis.com

Attorneys for Defendants MEDNAX
SERVICES, INC. and AMERICAN
ANESTHESIOLOGY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, the foregoing was furnished via e-mail and U.S. Mail on all counsel or parties of record on the Service List below.

_____

Donald C. Works, III

22

## SERVICE LIST

Karen Coolman Amlong
Florida Bar No. 275565
Email: KAmlong@TheAmlongFirm.com
William R. Amlong
Florida Bar No. 470228
Email: WRAmlong@TheAmlongFirm.com
Jennifer Daley
Florida Bar No. 856436
Email: JDaley@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Attorneys for Plaintiff

4837-5001-5831, v. 1