RECEIVED JAN 0 2 2018 BY: UPS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:17-CV-61792

| | |
|---|---|
| LEA SINGH, | ) |
| Plaintiff, | ) |
| vs. | ) |
| MEDNAX SERVICES, INC., and AMERICAN ANESTHESIOLOGY, INC., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, MEDNAX SERVICES, INC. and AMERICAN ANESTHESIOLOGY, INC., ("Defendants"), through their undersigned counsel, hereby respond to the consecutively numbered paragraphs of the Plaintiff's LEA SINGH (hereinafter "Plaintiff") First Request for Production of Documents to Defendant as follows:[1]

**RESPONSES TO REQUESTS TO PRODUCE**

1. If Defendants contend the gross volume of MEDNAX Services, Inc., or American Anesthesiology, Inc. was less than $500,000 annually for 2014, 2015, 2016 or 2017, the following documents:

    a.  IRS form 1120 (or 1120-S) for each of those years; and

---

[1] Due to the early stage of this matter, Defendants are in the process of gathering and reviewing potentially discoverable and responsive documents and will produce such documents in phases. The initial phase, served on [date], will not include electronic records, specifically e-mails, voicemails, and electronic copies of spreadsheets and/or reports. To the extent such documents do exist, Defendants are working with an e-discovery vendor to begin collection and review of such records. Furthermore, no production of those records will occur prior to the Court ruling on Defendants' Motion for Entry of a Rule 502(d) Order (Doc. 18).

# ATTACHMENT 5

    b.  Florida Sales and Use Tax Return for each month of those years; and

    c.  Defendants' financial statements for those years, including, but not limited to, balance statements, income statements and cash flow statements.

**RESPONSE:** Defendants do not contend they, cumulatively or individually, grossed less than $500,000 annually, thus no response is due.

  2.  The plaintiff's entire personnel file, including, but not limited to, those documents and writings used to determine plaintiff's qualifications for employment, promotions, transfers, salary, raises and pension eligibility.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20.

  3.  Documents (including, but not limited to, check stubs, earnings statements, payroll reports, time cards/reports and summaries, and weekly time sheets) showing the wages, compensation and/or benefits defendants paid to the following individuals during the three-year period covered by this action:

    a.  Lea Singh

    b.  Brad Clark

    c.  Bryan Davis

    d.  Nick Schmidt

    e.  Garth Lawson[2]

---

[2] Defendants note that Garth Lawson was not employed in the same region (North Region/Eastern Division) as Plaintiff; however, as he is identified in Plaintiff's Complaint, Defendants are providing information related to his employment and compensation. Defendant reserves the right to contend such information is not relevant to Plaintiff's underlying claim.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142.

   4. Job description, job summary and all documents reflecting the duties, performance standards and the evaluation standards for the following individuals during the three-year period covered by this action:

    a. Lea Singh

    b. Brad Clark

    c. Bryan Davis

    d. Nick Schmidt

    e. Garth Lawson

    f. Each individual who held the position of director of operations in the Eastern Division and/or the position with plaintiff's job code.

**RESPONSE:** In response to the request for the director of operations job description, see documents bates labeled: MEDNAX / Singh 910000-01. In response to the request for the evaluation standards for exempt employees of Defendants, see documents bates labeled: MEDNAX / Singh 920000-03.

   Defendants object to request number 4 as to personnel who held the position of Director of Operations outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, as discovery of their duties or related information is not relevant to the claims or defenses set forth in this case.

   5. Documents, including, but not limited to, Hay-point analyses, showing the required skill, effort, and responsibility for director of operations used by defendants during the three-year period covered by this action.

**RESPONSE:** In response to the request for documents showing the required skill, effort, and responsibility for the Director of Operations, see documents bates labeled: MEDNAX / Singh 910000-01; 920000-03. Defendants do not employ a Hay-point analysis system.

Further, as to personnel who held the position of Director of Operations, or other positions, outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, Defendants object to discovery of their duties or related information such as analysis showing skill, effort, and responsibilities, as that is not relevant to the claims or defenses set forth in this case.

6. Each employment agreement between defendants and the individuals listed in Request Nos. 4(a) – 4(e).

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 012000-20, 030000-85.

7. Documents related to the recruitment, hiring, or assignment to the position of director of operations of the individuals listed in Request Nos. 4(a) – 4(e), including, but not limited to, correspondence, internal memoranda, voice mail, and e-mail (including message contents and all header information).

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142..

8. Charts, reports, schedules, budget spreadsheets or projections, communications (including e-mails and voice-mails) and other documents created or used by defendants during the three-year period covered by this action concerning:

      a.    the rate of pay or compensation paid or payable to directors of operations in the Eastern Division;

      b.    the rate of pay or compensation paid or payable to individuals with plaintiff's job code.

**RESPONSE:** To the extent this request is limited to those individuals named in request number 4(a) – 4(e), and personnel within the same division as Plaintiff at her time of hire, see documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020000; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142; 030144-65.

Defendants object to this request on the basis that it seeks documents protected by the attorney-client privilege and work product protection, which Defendants will record in a privilege log to be served on Plaintiff. Further, as to personnel who held the position of Director of Operations (or other positions) outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, Defendants object to discovery of their compensation or related information, as that is not relevant to the claims or defenses set forth in this case. To the extent reports contain discoverable information as well as information regarding compensation of employees outside of Plaintiffs job type, region, or practice area, such information will be redacted from produced documents.

      9.    Each document (e.g., personnel files, annual evaluations, studies, reports, analyses, budget spreadsheets, projections, etc.) used or reviewed in the decision-making process concerning the rate of pay or compensation for the individuals listed in Request Nos. 4(a) – 4(e) during the three-year period covered by this action.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020000; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142.

As to personnel who held the position of Director of Operations (or other positions) outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, Defendants object to discovery of their compensation or related information, as that is not relevant to the claims or defenses set forth in this case. To the extent reports contain discoverable information as well as information regarding compensation of employees outside of Plaintiffs job type, region, or practice area, such information will be redacted from produced documents.

10. The following personnel documents for the individuals listed in Request Nos. 4(a) – 4(e), if not produced in response to another request:

    a. application for employment and other documents submitted for consideration for employment;

    b. performance evaluations, appraisals and reviews;

    c. records showing rates of pay and benefits, and any increases in the rate of pay and benefits;

    d. records showing pay grade, pay scale, job code, or position analysis.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142.

Defendants object to this request on the basis that it seeks documents protected by the attorney-client privilege and work product protection, which Defendants will record in a privilege log to be served on Plaintiff.

11. Documents showing policies of defendants in effect during the period covered by this action regarding:

    a. pay grades, pay scales or job codes;

    b. hiring;

    c. transfer;

    d. equal employment opportunity;

    e. employee appraisal or review;

    f. compensation;

    g. records retention;

    h. fringe benefits.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 900000-78.

To the extent this request seeks production of documents not related to Plaintiff or the Director of Operations position in Plaintiff's region (North Region/Eastern Division) or type of medical practice Defendants object on the basis that the request seeks information not relevant to the claims or defenses presented in this case.

12. Each document (including, but not limited to, lists of salary ranges for particular pay grades, job codes, Hay-point analyses, automobile-allowance policies and procedures, position description, compensation analyses, summary plan descriptions) pertaining

to the total compensation, including, but not limited to, bonuses, employee benefits and deferred compensation, available to director of operations from 2014.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020000; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142; 030144-65.

As to personnel who held the position of Director of Operations (or other positions) outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, Defendants object to discovery of their compensation or related information, as that is not relevant to the claims or defenses set forth in this case. To the extent reports contain discoverable information as well as information regarding compensation of employees outside of Plaintiffs job type, region, or practice area, such information will be redacted from produced documents.

13. Documents regarding any complaints of unequal compensation of male or female employees in the establishment where plaintiff worked, and responses thereto.

**RESPONSE:** Regarding the Director of Operations position, Defendant responds: none.

As to personnel who held other positions and/or the position of Director of Operations outside of Plaintiff's region (North Region/Eastern Division) or type of medical practice, Defendants object to discovery of their compensation or related information, as that is not relevant to the claims or defenses set forth in this case.

14. Documents showing any administrative regulation, order, ruling, approval or agency interpretation on which defendants relied in compensating plaintiff during the three-year period covered by this action.

**RESPONSE:** None.

15. Those documents identified in defendants' responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:** Defendants' responses to interrogatories contain specific bates ranges when referring to documents.

16. Documents related each act or conduct on the part of Plaintiff that Defendants contend bar or limit her claims.

**RESPONSE:** See documents bates labeled: MEDNAX / 010000-20; 011002-17; 012000-20.

17. The documents related to the affirmative defenses asserted by defendants in this action.

**RESPONSE:** See documents bates labeled: MEDNAX / Singh 010000-20; 011002-17; 012000-20; 020000; 020001-3; 030000-85; 030089-96; 030099-112; 030115-27; 030130-142; 030144-65.

To the extent documents contain discoverable information as well as information regarding compensation of employees outside of Plaintiffs job type, region, or practice area, such information will be redacted from produced documents.

18. Those documents disclosed in Defendants' Rule 26 disclosure and any supplement thereto.

**RESPONSE:** See all documents listed herein.

DATED this 29th day of December, 2017.

                              Respectfully submitted,

                              JACKSON LEWIS P.C.
                              390 North Orange Avenue, Suite 1285
                              Post Office Box 3389
                              Orlando, Florida 32802-3389
                              Telephone:   (407) 246-8440
                              Facsimile:    (407) 246-8441

                              By: _____
                                   Donald C. Works, III
                                   Florida Bar No. 340308
                                   worksd@jacksonlewis.com

                              Jesse I. Unruh
                              Florida Bar No. 0093121

                              Attorneys for Defendants MEDNAX
                              SERVICES, INC. and AMERICAN
                              ANESTHESIOLOGY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, the foregoing was furnished via electronic and overnight mail (including a disc containing copies of the documents produced) on all counsel or parties of record on the Service List below.

_____
Donald C. Works, III

## SERVICE LIST

Karen Coolman Amlong
Florida Bar No. 275565
Email: KAmlong@TheAmlongFirm.com
William R. Amlong
Florida Bar No. 470228
Email: WRAmlong@TheAmlongFirm.com
Jennifer Daley
Florida Bar No. 856436
Email: JDaley@TheAmlongFirm.com
AMLONG & AMLONG, P.A.
500 Northeast Fourth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Attorneys for Plaintiff

4838-6883-7461, v. 1